FILED
United States Court of Appeals
Tenth Circuit

December 19, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SANTOS RAMIREZ-ALVAREZ,

    Defendant - Appellant.

No. 18-1324
(D.C. No. 1:17-CR-00338-MSK-GPG-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BACHARACH** and **McHUGH**, Circuit Judges.
_____

Santos Ramirez-Alvarez pleaded guilty to conspiracy to manufacture and

possess with intent to distribute 50 or more plants of marijuana.  He was sentenced to

serve 57 months in prison.  Although his plea agreement contained a waiver of his

appellate rights, he filed a notice of appeal.  The government has moved to enforce

the appeal waiver in the plea agreement pursuant to *United States v. Hahn*, 359 F.3d

1315 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the

scope of the waiver of appellate rights; (2) whether the defendant knowingly and

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. The government asserts that all of the *Hahn* conditions have been satisfied because: (1) Mr. Ramirez-Alvarez's appeal is within the scope of the appeal waiver; (2) he knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver would not result in a miscarriage of justice.

In response to the government's motion, Mr. Ramirez-Alvarez concedes his appeal waiver is enforceable under the standards set forth in *Hahn*, and he agrees his appeal should be dismissed. Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam